BISHOP TRUST COMPANY, LIMITED, TRUSTEE
UNDER THE WILL AND OF THE ESTATE OF
KALEIPUA KANOA, DECEASED, *v.* SAMUEL
W. KING, TRUSTEE OF THE MALOLO HEIGHTS
LAND TRUST, ET AL.

No. 2280.

ARGUED July 7, 1937.          DECIDED SEPTEMBER 7, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

*Per Curiam.* This case was here before to review the
ruling of the circuit judge upon the demurrer of the
respondents other than the mortgagor to the amended bill
of complaint. (See *Waterhouse Trust Co. v. King,* 33
Haw. 1.) The demurrants will be hereafter referred to
as the respondents shareholders. We there held in sub-
stance that in a bill in equity to foreclose a mortgage the
allegation that the mortgage security was insufficient to
satisfy the mortgage debt was sufficient to entitle the
mortgagee to additional relief against the respondents
shareholders as debtors of the mortgagor in satisfaction
of such deficiency as might develop upon foreclosure.

After remand the mortgagee immediately proceeded
to decree of foreclosure. The respondents shareholders
had filed a plea in abatement and the issues thereunder,
and such as might develop under any subsequent pleadings
in the event the plea was overruled, were left for subse-
quent disposition. The respondent mortgagor apparently
made no defense. Upon hearing had the circuit judge
entered a decree of foreclosure and sale of the mortgaged

premises at public auction. All efforts made to sell the remaining mortgaged premises at public auction, were however, unsuccessful. There were no bidders. And after two attempts the commissioner thereto appointed reported to the court that the property was, for the present, unsaleable. The plea in abatement having been overruled, of the respondents shareholders the respondent Dwight alone filed an answer and a hearing was had upon his answer and the amended bill of complaint, resulting in a final decree against all the respondents shareholders including Dwight. The latter is the sole appellant.

The only question that merits consideration further than as may develop in its discussion is whether the failure to complete the foreclosure proceedings by sale of the mortgaged premises pursuant to the decree in that behalf deprives the mortgagee of relief against the respondents shareholders. The foreclosure proceedings unquestionably are incomplete. Until sale and confirmation thereof there is no foreclosure. And were this proceeding one simply for the foreclosure of a mortgage as between mortgagor and mortgagee we doubt the power of the court in equity to enter a final money decree for the balance of the mortgage debt and costs. But that is not this case. The bill is not alone for the foreclosure of a mortgage but also for equitable relief in the nature of a creditors' bill, and the appeal presents for review the extent to which the court having jurisdiction of the foreclosure proceedings may grant relief as between the mortgagee and the respondents shareholders, debtors of the mortgagor under the creditors' bill. Nor is this an appeal by the mortgagor. It is an appeal by one of the respondents shareholders, a debtor of the mortgagor.

The circuit judge found that the remaining premises subject to the mortgage were unsaleable. There was ample evidence to sustain that finding. There was no evidence

to the contrary. No further effort was made by any of the parties to secure a sale of the mortgaged premises. This admits of the conclusion of law that the mortgagee had made every reasonable effort to realize upon the mortgage security. Moreover, by the final decree, recovery against the respondents shareholders, including the appellant Dwight, is subordinated to the prior realization by the mortgagee of all the known assets of the mortgagor other than the remaining mortgaged premises and the subsisting debts of the respective respondents shareholders. They consisted of but two promissory notes, —one secured and the other unsecured. By its final decree, after finding that a deficiency existed for the amount of the mortgage indebtedness as determined by the decree of foreclosure together with interest and costs, the court ordered the secured note credited upon the mortgage debt and the unsecured note sold forthwith at public auction or a private sale (if by the latter method, however, to be sold for not less than the amount due thereon, principal and interest) the proceeds thereof to be applied to such deficiency and further required that execution against the respondents shareholders respectively for their respective pro rata of the amount of the deficiency which might still remain unsatisfied, issue only after crediting the mortgagor with all sums so paid to it. This court in the decision upon demurrer held that the mortgagee was entitled to relief prayed against the respondents shareholders in the absence of an "allegation that there are no legal assets." *Waterhouse Trust Co.* v. *King, supra,* p. 23. This being so the final decree is more favorable to the respondents shareholders than that to which they were entitled. Especially so in relation to the unsecured note. The consideration of the unsecured note was for money owing by the maker to the mortgagor similarly as the respondents shareholders upon shares in the mort-

gagor. The nonjoinder of the maker was unsuccessfully urged by the respondents shareholders in their plea in abatement. The maker was not a necessary party respondent. (See *Hatch* v. *Dana*, 101 U. S. 205.) And yet the court for the protection of the respondents shareholders made realization upon this unsecured note a condition precedent to execution against the respondents shareholders. The court thus accomplished for the protection of the respondents shareholders by final decree what they were unable to accomplish for themselves by dilatory plea.

The unsaleability of the mortgage security and the subordination of the debts of the respondents shareholders to the realization upon the other known assets of the mortgagor by analogy entitled the mortgagee under our earlier ruling to subject the debts due from the respondents shareholders to the satisfaction of the remaining deficiency of the mortgage debt. If, as we heretofore held, a deficiency judgment is sufficient to enable a mortgagee in a suit in equity to foreclose a mortgage to subject equitable assets to the satisfaction of any deficiency judgment that might be entered, certainly a mortgagee who has been unable to realize upon the mortgage security is entitled to the same relief. The latter case no less so than the former appeals to the exercise by the court in equity of its inherent power of doing full justice between the parties and affording complete relief.

The decree of foreclosure was predicated upon the existence of a lien and a debt secured thereby. The court had jurisdiction of the subject matter. Having jurisdiction of the subject matter there is no good reason why, under the circumstances, it should not have done complete justice between the mortgagee and the respondents shareholders and afforded to the former complete relief against the latter. It certainly would be illogical to hold that in a suit in equity to foreclose a mortgage the entry of a

deficiency judgment is sufficient to entitle the mortgagee to pursue and subject to the satisfaction of such deficiency judgment equitable assets of the mortgagor and at the same time hold that a less fortunate mortgagee, one who has done everything reasonably possible to realize upon his mortgage security without success, is not entitled to the same relief and should be relegated to such remedies at law as might be available. It may be said that the circuit judge was in error in referring to the remaining mortgage debt and costs as a "deficiency." Whether this is a misnomer is immaterial. It is sufficient that after every reasonable effort made to realize upon the mortgage security and the application and provision for application of all known assets of the mortgagor other than the remaining mortgaged premises and the debts in question the balance of the mortgage debt is and will remain unsatisfied.

All the specifications of error have been carefully considered and found to be without merit. They are dismissed from consideration without further comment.

The decree appealed from is affirmed.

*A. G. M. Robertson (Robertson & Castle* on the brief) for complainant.

*C. B. Dwight,* one of the respondents (also on the briefs), in person.